FILED
5/2/17 12:16 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENSYLVANIA

IN RE:
KAREN J. ASTON,
    *Debtor*

KAREN J. ASTON,
    *Movant*

v.

BAYVIEW LOAN SERVICING, LLC, and CALIBER HOME LOANS, INC.,
    *Respondent*

Case No. 16-20280-TPA

Chapter 13

Related to Doc. No. 69, 74

Hrg.: May 24, 2017 at 11:30 A.M.

## *ORDER*

On April 12, 2017 the Court issued an Order to Show Cause ("OTSC"), Doc. No. 69, which, *inter alia*, directed the personal appearance of Tania Malave of Bayview Loan Servicing, LLC ("Bayview") at a hearing to be held on April 26, 2017 in response to problems the Debtor reported she was having with respect to her participation in the Court's Loss Mitigation Program ("LMP"). The OTSC also ordered the personal appearance of "The Supervisor of the Bankruptcy Department of Bayview..." at the same hearing. The OTSC was worded in that fashion because at the time it was issued the Court did not know the name of the supervisor of the Bayview Bankruptcy Department. On April 20, 2017, a *Joint Status Report* was filed at Doc. No. 74 that included as an attachment a "Certification of Bayview Loan Servicing, LLC" signed by Hollie R. Byrd who identified herself as the Bankruptcy Supervisor for Bayview. Hollie R. Byrd has thus acknowledged being the person to whom the OTSC was directed.

When the hearing was convened on April 26, 2017, the Court was informed by counsel for Bayview that neither Tania Malave nor Hollie R. Byrd had appeared as directed. Further inquiry from the Court revealed that the lack of appearance by these two individuals was not due to illness, or a scheduling conflict, or a travel delay, or anything else outside their control. Instead, the failure to appear was a deliberate choice, apparently based on a belief that Bayview had already done enough to get the LMP back on track and thus the OTSC could be ignored. The Court was taken aback and expressed its concern over the brazen disregard of the OTSC. Even though the problems with the LMP that triggered the OTSC in the first place have now apparently been resolved, under the circumstances, and in order to protect the integrity of the judicial process and to guard against the anarchy and chaos that would follow if orders could be ignored by parties unilaterally and with impunity, the Court has no alternative but to issue a further Order requiring Tania Malave and Hollie R. Byrd to personally appear and show cause why they should not be found in contempt of Court and sanctioned for their deliberate and intentional violation of the OTSC. Furthermore, despite the personal beliefs of the Bayview personnel that "all is right in the LMP," that opinion is not shared by the Court. An explanation of "why" things went awry in the first place is in order as well as assurances that no future failures by Bayview to responsibly comply with its duties regarding the smooth processing of the LMP occurs.

AND NOW, this *1st* day of ***May, 2017***, it is **ORDERED, ADJUDGED** and ***DECREED*** that,

(1) ***On May 24, 2017 at 11:30 A.M.*** a continued hearing on the OTSC is scheduled in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 S. Park Row, Erie, Pa. 16510, at which time

both Tania Malave and Hollie R. Byrd shall ***personally appear*** to show cause why they should not be sanctioned with a monetary fine or otherwise for being in contempt of Court.

(2) Counsel for Bayview shall ***immediately*** serve a copy of this Order on Tania Malave and Hollie R. Byrd and shall file a Certificate of Service regarding such service.

(3) In the event that Tania Malave and/or Hollie R. Byrd fails to appear at the above scheduled hearing, this Court shall thereafter issue an order holding Tania Malave and/or Hollie R. Byrd in contempt of Court and direct the United States Marshal's Service to apprehend and take custody of their persons, hold them, and bring them before this Court for the imposition of sanctions at a hearing to be scheduled by the Court at its convenience following the time in which the Court is apprised of the United States Marshal Service's apprehension of them.

Thomas P. Agresti, judge
United States bankruptcy Court

Case administrator to serve:
Justin Shantz, Esq.
Alicia Sandoval, Esq.
James Prostko, Esq.
James Warmbroadt, Esq.
Ronda Winnecour, Esq.

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                  Case No. 16-20280-TPA
Karen J Aston                                                           Chapter 13
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2          User: amaz          Page 1 of 1          Date Rcvd: May 02, 2017
                              Form ID: pdf900     Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 04, 2017.
db          Karen J Aston,    606 S. 6th Street,    Youngwood, PA 15697-1117
           +Tania Malave,    1301 Virginia Dr. Suite 300,    Fort Washington, PA 19034-3246
           +Tania Malave,    P.O Box 840,    Buffalo, NY 14240-0840

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 04, 2017                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 2, 2017 at the address(es) listed below:
              Alicia M. Sandoval     on behalf of Creditor    Bayview Loan Servicing, LLC asandoval@mwm-law.com
              Alicia M. Sandoval     on behalf of Creditor    CALIBER HOME LOANS, INC. asandoval@mwm-law.com
              James Warmbrodt    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              James A. Prostko    on behalf of Creditor    CALIBER HOME LOANS, INC. pawb@fedphe.com,
               james.prostko@phelanhallinan.com
              Jeremy J. Kobeski     on behalf of Creditor    Bayview Loan Servicing, LLC pawb@fedphe.com
              Justin P. Schantz     on behalf of Debtor Karen J Aston jschantz@my-lawyers.us,
               colecchia542@comcast.net;office@my-lawyers.us;sshipley@my-lawyers.us;jmonroe@my-lawyers.us;rjulia
               no@my-lawyers.us;ekudlock@my-lawyers.us
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                                 TOTAL: 8